Dear Mr. Voinche:
This office is in receipt of your request for an opinion of the Attorney General in regard to state supplemental pay, and you indicate you represent the people of Ward 2 of Marksville as their marshal, work for the City Court, and have been in law enforcement for five years. You point out that your duties are to serve evictions, garnishment of wages, civil papers, criminal papers, subpoenas for court, seize property (vehicles etc.). Further you point out that the Constable and Justice of the Peace receive a state check. Accordingly, you feel as an elected official you should qualify for state supplemental pay.
We note that R.S. 33:2218.2(A)(1) sets forth that in addition to the compensation paid by any municipality "every police officer employed by any municipality or tribe which employs one or more police officers who devotes his full working time to law enforcement, and for those hiredafter March 31, 1986, who have completed and passed a council-certifiedtraining program as provided in R.S. 40:2404, shall be paid by the stateextra compensation in the amount of three hundred dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service." (Emphasis added.)
Therein Section (C) sets forth those municipal police officers entitled to additional pay out of state funds, and provides in C(8)(c) as follows:.
 Notwithstanding any other provisions of this Section to the contrary, any person who is sworn in as an elected marshal of a municipality or tribe on January 1, 1997, or thereafter, shall, immediately upon taking office, be eligible to receive such supplemental compensation as provided by Subsection A of this Section, if such person meets the Post certification requirements provided by R.S. 40:2405. The effective date for beginning such supplemental compensation shall be the date on which such person is sworn into office, if the certification requirements have been completed within the periods stipulated in R.S. 40:2405(A) or (E). (Emphasis added.)
Pursuant to our inquiry, in order to determine whether you fall within the provisions of the above cited statute, you indicated you took office on Jan. 1, 2003 as the elected Ward 2 Marshal for the City Court but you are not Post certified as a duly commissioned law enforcement officer.
We note that R.S. 13:2488.51 abolished the offices of justice of the peace and constable in Ward 2 of Avoyelles Parish, and the Mayor's Court and establishes a court "to be styled the City Court of the Town of Marksville" which shall extend throughout the town and the whole of Ward 2, and "shall be composed of a city judge, a marshal and a clerk of said court."
We further find that Title 13, Courts and Judicial Procedure, Chapter 7, City Courts, Part I, City and Municipal Courts, New Orleans Excepted, sets forth in R.S. 13:1881 as follows:
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may appoint one or more deputy marshals having the same power and duty as the marshal, but the marshal shall be responsible for their actions. * * * .
However, despite this authority, we must conclude inasmuch as you are not Post certified you would not be eligible for supplemental state pay.
Wherein you point out that Constables and Justice of the Peace receive a check from the state, it must be recognized there are certain mandates that must be fulfilled in order for them to receive a check from the state. R.S. 13:2589 provides that every justice of the peace and constable shall attend at least one training course offered by the attorney general pursuant to R.S. 49:251.1 every other year, and those who fail to do so shall not earn or receive the compensation provided in that section until he attends a course and receives a certificate of completion from the attorney general.
In this regard this office observed in Atty. Gen. Op. 03-272 that it is clear from the language "that it is mandatory for the justice of the peace and constables to take the training course" and "a failure to take the required course will result in nonpayment of both compensation from his or her respective parish and the state supplemental pay."
We hope this sufficiently answers your inquiry as to the requirement necessary for you to receive state supplemental pay.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr